**Jovita Chico MORALES, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 13746.

United States Court of Appeals
Seventh Circuit.

Dec. 17, 1962.

---

Joseph A. Tecson, Chicago, Ill., for petitioner.

James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for respondent.

Before SCHNACKENBERG, CASTLE and MAJOR, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Jovita Chico Morales, petitioner, seeks a review of a decision of the Board of Immigration Appeals, which dismissed her appeal from the decison of a Special Inquiry Officer finding petitioner deportable from the United States as a non-immigrant exchange visitor who had remained longer than authorized.

A hearing had been held on a rule to show cause why she should not be deported and petitioner had admitted all charges made therein. She was afforded an opportunity to apply for discretionary relief, but refused to do so. She designated the Philippines as the country of destination if ordered deported.

In this court petitioner's theory is

" * * * that she came from the Republic of the Philippines to the United States of America under the Exchange-Visitor Program under the inducement that she would be a student nurse and participate in a planned educational institution program; that she did not receive the professional nursing training and instruction that was promised to her; that in not receiving such professional training and instruction is a breach of contract."

The following is a statement of the undisputed facts appearing in the record before us.

Petitioner, a native and citizen of the Philippines, was originally admitted to the United States as an exchange visitor at Seattle, Washington on December 30, 1958, and re-entered at Buffalo, New York on November 1, 1960 after a visit to Canada. She was authorized to remain in the United States until October 31, 1961.

On October 16, 1961 she requested an extension to October 31, 1962. An entry opposite the denial of extension of stay reading "Satisfactory Departure to 11–31–61" is construed by government counsel in its brief to mean that she was granted until November *31*, 1961 to depart.[1]

A motion by petitioner for reconsideration on February 8, 1962 was denied by the district director on February 19, 1962, petitioner having been served on February 14, 1962 with said order to show cause. At the hearing held on

March 12, 1962 and thereafter, she was represented by counsel.

At the time of petitioner's admission to the United States, the applicable law was the United States Information and Educational Exchange Act of 1948, 22 U.S.C.A. 1431 et seq., as amended by Public Law 82–414, 66 Stat. 276 (1952), § 201 of which provided in part:

"The Secretary is authorized to provide for interchanges on a reciprocal basis between the United States and other countries of students, trainees, teachers, guest instructors, professors, and leaders in fields of specialized knowledge or skill * * * The persons specified in this section shall be admitted as nonimmigrants under section 101(a) (15) of the Immigration and Nationality Act, for such time and under such conditions as may be prescribed by regulations promulgated by the Secretary of State and the Attorney General. A person admitted under this section who fails * * * to depart from the United States at the expiration of the time for which he was admitted * * * shall, upon the warrant of the Attorney General, be taken into custody and promptly deported * * * Deportation proceedings under this section shall be summary and the findings of the Attorney General as to matters of fact shall be conclusive. * * * "

■ 1. In support of her contention that she had a contract with the United States and that there was a breach thereof by the United States, she now argues that there was an obligation assumed by the government to furnish her with nursing instruction which would afford her accreditation or academic acceptance. She charges as a fact that proper academic standards were not met because of her being compelled to attend informal classes conducted by a nurse at infrequent periods.

---

**1.** It is only fair to state that petitioner is not claiming her delay in departure should extend to the time when November shall have *31* days.

She contends that the obligation to furnish what she considers proper education was recognized by the control over participating hospital institutions, such as the one to which she was sent, 8 Code of Federal Regulations, Jan. 1, 1962 Supplement, 34, § 214.3, which expressly pertains to "Any institution or place of study seeking approval for the attendance of alien students * * *". But this control did not accord to a nonimmigrant exchange visitor the status of one having a contract with the United States. When she entered this country she was granted a privilege of remaining here for the purpose of benefiting herself in the manner which she had chosen. She had no contract in regard thereto. Necessarily she did have an understanding as to when she was to depart. She overstayed her time and she has no sufficient excuse therefor.

■ 2. For these reasons we also hold that the special hearing officer did not err in excluding the testimony of petitioner and a witness which was offered in support of her contention that the instruction she received was inadequate.

■ 3. After petitioner's counsel had concluded the offer of evidence at the hearing, there was a colloquy between the officer and counsel for petitioner in which the officer stated that it was the government's position that, if petitioner was willing and had immediate means with which to depart promptly from the United States, she should ask for the privilege.

The officer thereupon advised petitioner that under the immigration laws and regulations she might make application for the discretionary privilege of permission to depart from the United States at her own expense instead of being deported. She said she understood the privilege. She was then asked this question:

"In view of that, what is your desire—do you wish to apply for the privilege of voluntary departure, in lieu of deportation, or not?"

Whereupon her counsel answered and said that he and his client had discussed this matter and that she did not wish to apply for voluntary departure "at this time". She thereupon told the officer that she did not wish to apply "at this time", and that her answer was the same even though the alternative was an order for deportation.

She stated that, if she were deported, she designated the Philippines.

We see no basis for counsel's contention that petitioner's rights were in any way prejudiced by these questions put to her by the officer.

For all of these reasons, we affirm the decision from which this appeal has been taken.

Decision affirmed.