**Benilda O. YAP, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**No. 14059.**

United States Court of Appeals
Seventh Circuit.

June 12, 1963.

Joseph A. Tecson, Chicago, Ill., for petitioner.

Melvyn E. Stein, Chicago, Ill., James P. O'Brien, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel, for respondent.

Before HASTINGS, Chief Judge, and KNOCH and CASTLE, Circuit Judges.

HASTINGS, Chief Judge.

This matter is before us on petition of Benilda O. Yap for review of an order of the Immigration and Naturalization Service. The order in question found petitioner deportable and ordered her deportation to the Republic of the Philippines.

Petitioner is a native and citizen of the Philippines. She last entered the United States at Chicago, Illinois on May 30, 1961 as a nonimmigrant exchange visitor. She was authorized to remain in the United States until May 29, 1962, but an extension authorizing her to remain until July 20, 1962 was granted by the Immigration and Naturalization Service.

Petitioner failed to depart within the period of the extension of time to depart. On September 17, 1962, she was served with an order to show cause why she should not be deported from the United States as a nonimmigrant who remained longer than permitted.

On September 27, 1962, a hearing was held before a special inquiry officer on the order to show cause. At the hearing, petitioner admitted she was a nonimmigrant exchange visitor and that she remained in the United States beyond July 20, 1962, the date of her required departure. Petitioner denied, however, that she was subject to deportation.

On September 28, 1962, the special inquiry officer entered his order finding petitioner deportable. Her appeal from that order was dismissed by the Board of Immigration Appeals. Petitioner was subsequently served with a warrant of deportation and notified that she would be deported from the United States on January 22, 1963. This petition for review was filed on January 21, 1963.

No contention is made in this proceeding that petitioner is not a deportable alien. Petitioner's admission of all of the factual allegations of the rule to show cause leads to but one conclusion: Petitioner is deportable as a nonimmigrant exchange visitor who remained in the United States longer than permitted, thereby failing to maintain the conditions of her status. 8 U.S.C.A. § 1251(a) (9).

Petitioner's only contention in this proceeding is "that she was deprived of the right of her counsel to give a closing argument and that she was advised by the Hearing Officer orally before the hearing had terminated that she was going to be found deportable."

At the hearing, petitioner was questioned by the Government with respect to the issue of deportability. Counsel for petitioner then proceeded to examine petitioner. At the conclusion of petitioner's examination, the special inquiry officer asked: "Does either side have anything further on the issue of deportability?" Petitioner's counsel replied: "No."

Thereafter the special inquiry officer asked petitioner: "If it is determined that you are subject to deportation, do you wish to request that you be given permission to depart from the United States voluntarily * * * ?" Petitioner answered in the affirmative.

After some further questioning of petitioner and a colloquy involving the special inquiry officer, counsel for the Government and counsel for petitioner, the latter indicated that petitioner was not asking for the privilege of voluntary departure. At this juncture, the special

inquiry officer stated: "[O]n the basis of the evidence that I have before me I find that she [petitioner] is subject to deportation." Petitioner's statement that she wished to request voluntary departure was considered withdrawn.

■ Initially, we find nothing objectionable in asking petitioner whether she wished to avail herself of the privilege of voluntary departure. Morales v. Immigration and Naturalization Service, 7 Cir., 311 F.2d 715 (1962). An application for voluntary departure may be made to the special inquiry officer during a deportation hearing. 8 C.F.R. § 242.-17(b), (d) (Supp.1963). The officer has authority to determine whether or not applications for voluntary departure should be granted. 8 C.F.R. § 242.8 (Supp.1963). These regulations clearly envision the procedure followed here by the special inquiry officer.

■ The special inquiry officer made his decision as to deportability after hearing the evidence on this question and inquiring of petitioner's counsel if he had anything further on this issue. The officer, however, announced his decision that petitioner was deportable before hearing petitioner's counsel in closing oral argument.

Petitioner claims the announcement of this decision was premature and deprived her of the "right" of closing oral argument. In support of this contention, petitioner analogizes the duty of a special inquiry officer presiding at a hearing with that of a judge presiding at a trial before the court without a jury. We agree the analogy is apt, but "[i]f argument is granted in a nonjury case it is as a privilege and not as of right." Peckham v. Family Loan Company, 5 Cir., 262 F.2d 422, 425 (1959), cert. denied, 361 U.S. 824, 80 S.Ct. 70, 4 L.Ed.2d 68. See Skolnick v. Martin, 7 Cir., 317 F.2d 855; 89 C.J.S. Trial § 576 (1955).

We hold that the matter of permitting closing oral argument was within the discretion of the special inquiry officer. Under the facts of this case, there was no abuse of discretion in deciding the merits before hearing argument of counsel. All the facts leading to the conclusion of deportability were admitted, and oral argument could have added nothing. If, after hearing oral argument, the special inquiry officer had decided the issue of deportability otherwise than he did, his decision would have been without support in the evidence.

■ While we decide in this case that there was no abuse of discretion, we wish to add that undoubtedly the better practice in deportation cases would be to withhold decision on the merits until after counsel for all parties have been afforded the opportunity of oral argument.

We hold that the order of the Immigration and Naturalization Service appealed from in this proceeding should be affirmed.

Order affirmed.