**Marina E. ALONZO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

**No. 16721.**

United States Court of Appeals
Seventh Circuit.

March 19, 1969.

Irving I. Freedman, Chicago, Ill., for petitioner.

Thomas A. Foran, U. S. Atty., Chicago, Ill., for respondent, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before CASTLE, Chief Judge, KNOCH, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

KNOCH, Senior Circuit Judge.

The petitioner, Marina E. Alonzo, seeks review of a final order of deportation issued February 2, 1968, by the District Director of the Immigration and Naturalization Service.

The petitioner was granted discretionary relief in the form of voluntary departure in lieu of deportation.

In the proceedings before the Special Inquiry Officer, the petitioner, a single woman, a nurse, and a native and citizen of the Philippines, admitted that she entered the United States at Honolulu, Hawaii, on or about January 6, 1965, and was authorized to remain until December 21, 1966. She further agreed that she had been advised in writing on July 17, 1967 that she was required to leave the United States on or before August 17, 1967, but had remained in the United States after that date.

During the deportation hearing, petitioner filed an application for permanent residence. She states that she has received approval of her application for a "third preference" visa pursuant to § 203 (a) (3) of the Immigration and Naturalization Act, Title 8 U.S.C. § 1153(a) (3), which gives preference to qualified immigrants who are members of the professions.

However, under Title 8 U.S.C. § 1182 (e) no person admitted as an Exchange Visitor may have his status adjusted or apply for an immigrant visa until after two years of foreign residence unless that requirement is waived by the Attorney General. Tuazon v. Immigration and Naturalization Service, 7 Cir., 1968, 389 F.2d 363, 364.

Petitioner asserts that the Special Inquiry Officer denied her any opportunity to establish her claim that she was not in fact an Exchange Visitor although she had entered the United States in that capacity. She asserts that there were no Exchange Visitor programs in existence at the two hospitals which sponsored the program where she was employed.

At the hearing her counsel made an offer to prove that petitioner was

brought to the United States only to relieve a nursing shortage and not to participate in the Exchange Visitor Program.

Petitioner would like an opportunity to subpoena the Secretary of State to show that the Forms DSP–37 required to be completed by the sponsoring hospitals where she was employed showed a program for Exchange Visitor Nurses. Petitioner would then adduce evidence to show that the described programs were not instituted and that the sponsors both misused the Exchange Program. Petitioner argues that on this evidence, the Secretary of State would deny or revoke the Exchange Program of these two sponsors. Petitioner's view is that a fraud was practiced upon her in that instead of the anticipated benefits of studying United States techniques in nursing which she could take back to her own country, she was merely put in charge of an abnormally large patient-load and given no training at all.

She does not claim a breach of contract by the United States in that her training was inadequate as in Morales v. Immigration and Naturalization Service, 7 Cir., 1962, 311 F.2d 715, where the decision of the Service was affirmed, but contends that the training was non-existent and that she was therefore not an Exchange Visitor.

She asserts that proof of her factual allegations would make her eligible for adjustment of status to that of a permanent resident. We cannot agree. Petitioner has made no request for a waiver of the two-year foreign residence, but her position, of course, is that, as she is not an Exchange Visitor, the two-year requirement is not applicable to her.

The petitioner was admitted as an Exchange Visitor. On December 16, 1964, she signed a Form DSP–66 stating that she sought to remain in the United States as an Exchange Visitor for a maximum stay of two years at St. Barnabas Medical Center, Livingston, New Jersey, for "advanced experience and training in the area of clinical staff nursing" which agrees in wording with the description given by the sponsoring hospital of the activity in which the Exchange Visitor will engage.

An Arrival-Departure Record, bearing petitioner's name, which petitioner admitted related to her, shows not only her admission at Honolulu, Hawaii on January 5, 1965 to remain until January 5, 1966, but also an extension to December 21, 1966, at Newark, New Jersey. Petitioner also signed another Form DSP–66 on January 4, 1965 indicating she desired to remain in the United States for a maximum stay of twelve months at Columbus Hospital in Chicago, Illinois, for a "course in nurse training" again using the same wording as the description provided by the hospital. This document was endorsed by the Immigration and Naturalization Service at Newark, New Jersey, to show extension of petitioner's stay.

If a fraud has occurred, it appears that petitioner was a party to it. She was surely aware that she had been admitted to this country in connection with a specific Exchange Visitor Program at St. Barnabas Medical Center and that her stay had been extended when she was allowed to transfer to another specific Exchange Visitor Program at Columbus Hospital. If petitioner is correct in her assertions that experience in the practice of her profession under such supervision as was provided in these two hospitals did not qualify as the training specified in the two Forms DSP–66 signed by the petitioner as well as the hospitals, then she has remained in the United States for more than two years under false pretenses. We do not mean to offer censure of petitioner's failure to take any steps to remedy a situation of which she now says she did not approve. Nevertheless we cannot agree that her status was thereby changed from that of an Exchange Visitor.

The petition for review is dismissed.

Dismissed.