MATTER OF ANTTALAINEN

In Deportation Proceedings

A-19160785

*Decided by Board August 6, 1969*

Because deportation proceedings are not the proper forum, request of respondent on appeal in such proceedings is denied for reopening solely for the issuance of subpoenas to officials of the Department of Labor with which to challenge in judicial proceedings that Department's denial of her request for a labor certification, upon the issuance of which depends her eligibility for adjustment of status under section 245 of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251]—Nonimmigrant temporary visitor—remained longer.

ON BEHALF OF RESPONDENT: Donald L. Ungar, Esquire
517 Washington Street
San Francisco, California 94111

On May 9, 1969, the special inquiry officer granted the respondent the privilege of departing from the United States voluntarily without expense to the Government on or before June 8, 1969, or any extension beyond such date as might be granted by the District Director, and under such conditions as the District Director should direct. The special inquiry officer also provided for the respondent's deportation from the United States to Finland, on the charge contained in the order to show cause, in the event of her failure so to depart. The appeal from his decision, which brings the case before this Board for consideration, will be dismissed.

The record relates to a female alien, a native and citizen of Finland, who last entered the United States on or about March 7, 1968. She was then admitted as a visitor for a temporary period until June 30, 1968. She was thereafter authorized to remain in the United States in that status until December 30, 1968. She has, however, remained here since the latter date without authority.

The foregoing establishes the respondent's deportability on the

charge contained in the order to show cause. This was conceded in the course of the hearing before the special inquiry officer, when the respondent was represented by counsel. It stands unchallenged on appeal. This aspect of the case, accordingly, needs no further discussion.

The special inquiry officer has granted the respondent the privilege of departing from the United States voluntarily without expense to the Government. Suffice it to say, in this connection, that the record before us supports the special inquiry officer's action in this respect.

This appeal is concerned solely with the special inquiry officer's denial of the respondent's request for the issance of subpoenas to appropriate officials of the Department of Labor. The purpose of this request was to develop the record with respect to their refusal to issue the respondent a labor certification for employment as a "live-in" domestic by a Mr. & Mrs. C. David Robinson of San Francisco, for whom the respondent presently works in that capacity. According to the record, the reason for the denial of the labor certification was that the position held by the respondent could be filled by a "live-out" domestic, and that qualified workers were available in the area involved (p. 4).

The point was raised in this deportation proceeding on the theory that if the respondent were issued a labor certification, she would be entitled to adjustment of her status to that of a permanent resident under section 245 of the Immigration and Nationality Act (8 U.S.C. 1255). Concomitantly, it was urged that she should be permitted to create a record herein on the basis of which she can challenge the denial of the labor certification in judicial proceedings. We, however, agree with the special inquiry officer that these proceedings do not afford the proper forum for the creation of a record on that issue.

The law (section 212(a)(14), Immigration and Nationality Act; 8 U.S.C. 1182) makes the issuance of a labor certification a matter solely for the consideration of the Department of Labor. According to the record, that Department has stated the reasons for its denial of the respondent's request for such a certification, and she is aware of them. If the respondent believes those reasons are groundless, it is to the Department of Labor that she must look for redress. This administrative tribunal is not the proper forum for review thereof. There is, accordingly, no reason to reopen these proceedings to take testimony on this issue.

The respondent cites the case of *Dong Yup Lee* v. *INS*, 407 F.2d 1110 (9 Cir., 1969), as authority for the proposition that an

alien whose eligibility for permanent resident status depends upon the issuance of an employment certification may, in a deportation hearing, challenge the denial by the Secretary of Labor of a request for the certification. For the following reasons, we find that case inapposite here.

Dong Yup Lee was admitted to the United States as one of the musicians accompanying a touring Korean dance group, in the status of a nonimmigrant alien of distinguished merit and ability (section 101(a)(15)(H)(i) of the Immigration and Nationality Act; 8 U.S.C. 1101). He subsequently sought to have himself classified as a preference quota immigrant because of his "exceptional ability in the arts," under section 203(a)(3) of the Immigration and Nationality Act; 8 U.S.C. 1153. His petition for such classification was denied by the Service, for reasons which need not be discussed here.

Lee's case subsequently came before this Board for consideration on appeal from a special inquiry officer's order denying his application for adjustment of his status to that of a permanent resident (A-14609823, November 21, 1967) and thereafter (April 15, 1969) on a motion for reconsideration of the same issue. In both instances, we pointed out that since Lee was not the beneficiary of an approved visa petition, he was ineligible for adjustment of his status to that of a permanent resident because an immigrant visa was not readily available to him. We did not on either occasion review the action of the Service in denying the respondent's visa petition, for the reason that under the regulations (8 CFR 204.1(c) and 103.1(e)) we had no authority to do so. Clearly, the limits of this Board's jurisdiction are as described in 8 CFR 3.1(b),[1] and counsel has pointed to no provision thereof which gives us the authority he would here ascribe to us. The only additional comment required in this respect is that the court itself in the *Lee* case (p. 1112) stated that it did not and could not consider the correctness of the Service decisions to deny the alien's visa petition; and that accordingly, as well as in view of the foregoing opinion, we approve the special inquiry officer's denial of the subpoenas requested by the respondent.[2]

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Mater of DeG—*, 8 I. & N. Dec. 325, 335.

[2] See *Alonzo* v. *INS*, 408 F.2d 667, 668 (7 Cir., 1969).