**Carmelita Teves CARRIAGA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 15542.**

United States Court of Appeals Seventh Circuit.

Nov. 2, 1966.

4. H. Conference Rep. No. 2330, 75 Cong., 3d Sess., pp. 55–56 (1939–1 Cum.Bull. (Part 2) 817, 835).

338

Melvyn E. Stein, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Chicago, Ill., for respondent.

Before MAJOR, Senior Circuit Judge, and KNOCH and FAIRCHILD, Circuit Judges.

PER CURIAM.

A special inquiry officer of the immigration and naturalization service denied petitioner's application for adjustment of status under 8 U.S.C.A. § 1255, and ordered her deported. She petitioned for review.

The petitioner, Dr. Carriaga, is a physician, and a citizen of the Philippines. She last entered the United States in May, 1965 as a nonimmigrant visitor for pleasure, and has remained beyond the permitted period. In that status, she is deportable.

She first came to the United States in June, 1962 as an exchange visitor under the Mutual Educational and Cultural Exchange Act of 1961 (75 Stat. 535). She left in July, 1964. She spent part of her ten months of absence from the United States in Australia and part in the Philippines.

Because Dr. Carriaga entered the United States as an exchange visitor and has not, since her departure, been physically present in the Philippines (or in another foreign country under specified circumstances) for an aggregate of two years, 8 U.S.C.A. § 1182(e), by its terms, bars her present application.

It appears that the Philippine government has released Dr. Carriaga from any obligation to return to that country. Her counsel argues that the two-year requirement was intended for the benefit of the Philippines and that such release effectively disposes of it. He urges that the United States needs physicians. It may well be that it would be in the public interest to permit a physician to remain in this country and render services under these circumstances, but the statute contains no provision permitting that result.

The order under review is

Affirmed.