Pilar Lamata **DE GUZMAN**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE**, Respondent.

No. 16218.

United States Court of Appeals
Seventh Circuit.

Jan. 30, 1968.

Samuel D. Myers, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, MAJOR, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

MAJOR, Senior Circuit Judge.

This is a petition for review of a final order issued by the Board of Immigration Appeals, ordering petitioner deported, with the privilege of voluntary departure. It is another of the numerous cases coming to this Court wherein a person admitted as a non-immigrant exchange visitor has been authorized to remain in the United States in such status for a definite period but, upon expiration of the same, refuses to depart. While the case in some respects is similar to those which we have previously considered, there is a difference in the manner of its presentation.

Petitioner states the contested issues as follows:

"1. Was it an abuse of discretion by the Special Inquiry Officer and the Board of Immigration Appeals to deny Petitioner's motion that the Immigration and Naturalization Service be directed to change her status nunc pro tunc from that of an exchange visitor to that of a student?

"2. Was it an abuse of discretion to deny petitioner's motion that the decision in her case be stayed for a reasonable period because of the pending of H.R. 566?"

We think an abbreviated statement of the facts, taken from the decision of the Board of Immigration Appeals, will suffice. Petitioner, a native of the Philippines, entered the United States November 17, 1963, as an exchange visitor for the purpose of taking advance training at St. John's Mercy Hospital in St. Louis, Missouri. In July 1964, she learned that such hospital was not authorized to conduct a training program for exchange nurses and, at her request, was transferred to a training program for exchange nurses at Michael Reese Hospital in Chicago, where she commenced her duties on July 13, 1964. The time she spent at the St. Louis hospital, from November 1963 until July 1964, was disregarded and her authorized stay as an exchange visitor in the United States was extended to July 13, 1966, a period of two years. Upon

completing her authorized course for exchange visitor graduate nurses at the Chicago hospital, she was notified that she must depart on or before November 18, 1966, and has not subsequently been granted permission to remain in the United States.

■ Based upon this factual premise, petitioner sought before the Special Inquiry Officer to amend her entry record nunc pro tunc to afford her the status of a student (admitted under 1101(a) (15) (F)) rather than that of an exchange visitor (admitted under 1101(a) (15) (J)). The request was denied. Relative thereto, the Board of Immigration Appeals stated:

"Counsel's assertion that the special inquiry officer should have directed the Service to amend the respondent's entry record from a J–1 classification to a F–1 classification is without merit. There is no authority in the law or in the regulations permitting a special inquiry officer to take such action. Moreover, the applicable statute and regulations promulgated to implement such statute precluded the respondent's obtaining a change in her nonimmigrant classification (Section 248, Immigration and Nationality Act)."

Section 248 (8 U.S.C.A. Sec. 1258) provides:

"*Change of nonimmigrant classification*

"The Attorney General may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status, except an alien classified as a nonimmigrant under paragraph (15) (D) of section 1101(a) of this title, or an alien classified as a nonimmigrant under paragraph (15) (C) or (J) of section 1101(a) of this title unless he applies to have his classification changed from a classification

under paragraph (15) (C) or (J) to a classification under paragraph (15) (A) or (G) of section 1101(a) of this title."

We agree with the contention that this provision was a bar to the authority of the Special Inquiry Officer to amend petitioner's entry record so as to change her classification.

■ Assuming, however, contrary to what we hold, that the Special Inquiry Officer had the authority to grant the relief sought, it was a discretionary matter and no abuse of discretion was shown. Petitioner's argument in this respect is that she was misled by the United States in permitting her to enter as an exchange visitor and to be located in a hospital which did not have an accredited program for graduate nurses. It is argued that the effect of this reliance was that "Petitioner materially changed her circumstances relying on a hospital and the United States government. In fact, for the first eight months of her stay in the United States she received no training in keeping with her background."

We need not decide who was at fault in the matter. The fact is that upon discovery the mistake was promptly rectified in a manner satisfactory to petitioner. Upon her request, she was transferred to the Chicago hospital where she obtained the training for which she came to this country. So that she might do so, her authorized stay as an exchange nurse was extended to July 13, 1966.

In our view, there is no merit to the contention that petitioner has been imposed upon or prejudiced by the treatment accorded her by the Service. For a situation quite similar to that here, see our opinion in Morales v. Immigration and Naturalization Service, 311 F.2d 715, 716.

■ Also without merit is petitioner's contention that it was an abuse of discretion to deny her motion that a decision in her case be stayed for a rea-

sonable period because of the pending of H.R. 566. See our opinion in Roumeliotis v. Immigration and Naturalization Service, 304 F.2d 453, 456, cert. den. 371 U.S. 921, 83 S.Ct. 288, 9 L.Ed.2d 230.

The petition for review is dismissed.