Samuel D. Myers, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, MAJOR, Senior Circuit Judge and CUMMINGS, Circuit Judge.

**Priscilla Villanueva TUAZON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 16174.**

United States Court of Appeals
Seventh Circuit.

Jan. 30, 1968.

MAJOR, Senior Circuit Judge.

This is a petition for review of a final order of deportation issued by the District Director of the Immigration and Naturalization Service, United States Department of Justice, Chicago, Illinois, on March 23, 1967.

Petitioner, a native and citizen of the Philippines, under the provisions of the Mutual Educational and Cultural Exchange Act of 1956, as amended (22 U.S.C.A. Sec. 2451 et seq.), entered the United States on March 4, 1964, as an exchange visitor for the purpose of obtaining training as a nurse. On January 13, 1967, in response to an order to show cause, she applied for permanent residence under Sec. 245 of the Immigration and Nationality Act (8 U.S.C.A. Sec. 1255). She alleged in her application that she had been released by the Philippine government from compliance with the two-year foreign residence requirement under 8 U.S.C.A. Sec. 1182(e).

On January 16, 1967, the Special Inquiry Officer denied petitioner's application for adjustment of status, found her deportable and granted the privilege of voluntary departure. On March 15, 1967, the Board of Immigration Appeals denied an appeal from this decision. On March 23, 1967, the District Director in

the order here sought to be reviewed directed petitioner to depart from the United States on April 8, 1967.

The issue for decision and petitioner's contention in connection therewith are shown by a statement in her brief as follows:

"The only barrier to petitioner being granted adjustment of status under Section 245 of the Immigration and Nationality Act (8 U.S.C. 1255) is the provision of Section 212(e) of the Immigration and Nationality Act (8 U.S.C. 1182), and the provisions of 8 C.F.R. 245.1(b). Roughly, these provisions bar an exchange visitor from becoming a permanent resident until she has returned to her native country, or another country acceptable to the United States Department of State for a period of two years.

"It is the petitioner's position that because she is the beneficiary of a third preference visa petition, and has been released from her obligation to return home by her native country, that she is not subject to the bar."

The issue presented was raised and squarely decided adversely to petitioner's contention by this Court in Carriaga v. Immigration and Naturalization Service, 368 F.2d 337. This much petitioner on brief concedes. Even so, she argues:

"The purpose of the restriction in Section 212(e) was to protect the country from which the exchange alien came, i. e., to be sure the country received the benefit of the training that alien had undergone in the United States."

Petitioner attempts to support this argument by citing and quoting from so-called legislative history. While we doubt its relevancy, we have read the matter submitted and think petitioner's reliance thereon is badly misplaced.

Section 1182(e) provides that no person admitted as an exchange visitor may have his (or her) status adjusted, or apply for an immigrant visa, until after two years of foreign residence, unless such requirement is waived by the Attor-

ney General. Absent such waiver, an exchange visitor is without eligibility for adjustment under Sec. 1255. Thus, Congress has spoken with such clarity that all who read may understand. The language is not susceptible of interpretation by resort to legislative history or otherwise. See Gemsco, Inc. et al. v. Walling, 324 U.S. 244, 260, 65 S.Ct. 605, 89 L.Ed. 921.

We conclude and so hold that petitioner's contention is not tenable. Her petition for review is dismissed.