402 F.2d 788
 Remedios B. ABINOJA, Juliana B. Bautista, Carina Derla Drilon, Eduardo Reyes Estacio, Arceli A. Kalalo, Edna T. Paredes, Salud U. Rodriquez, and Luz B. Yap, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
Milagros T. AQUINO, Minerva Diric Bactat, Severino M. DeAsis, and Teresita Vendiola Revina, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 16326-16333.
 Nos. 16476-16479.
 United States Court of Appeals Seventh Circuit.
 April 9, 1968.
 
 Lawrence A. Jacobson, Chicago, Ill., for petitioners.
 Edward V. Hanrahan, now Thomas A. Foran, U. S., Atty., Chicago, Ill., for respondent.
 Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 These several petitioners appeal from orders of the Immigration and Naturalization Service denying them adjustment of status under 8 U.S.C. § 1255. They are represented by the same attorney and the several appeals present a common question: whether citizens of the Philippines, admitted as non-immigrants[1] for further training in medical professions, are entitled, because the Philippine government has released them from any obligation to return to that country, to a change of status to permanent residents without returning to the Philippines "for an aggregate of at least two years" as required by 8 U.S.C. § 1182(e).
 
 
 2
 Petitioners agree that the basic issue has been decided against them by this court in Carriaga v. Immigration and Naturalization Service, 368 F.2d 337 (7th Cir. 1966), but they ask us to "take another look" at the issue, in the light of the legislative history of the Exchange Act.
 
 
 3
 We are not persuaded that we should not follow Carriaga. In Tuazon v. Immigration and Naturalization Service, 389 F.2d 363 (7th Cir., January 30, 1968), this court applied Carriaga to reject the precise contention made here based on the Philippine government release and upon legislative history. The court there reasoned that the language of the requirement in Sec. 1182(e) was so clear that it "[was] not susceptible of interpretation by resort to legislative history or otherwise."
 
 
 4
 We hold, on authority of Carriaga and Tuazon, that the Special Inquiry Officer and Board of Appeals did not err in denying petitioners' applications for adjustment of status on the ground that they had not complied with 8 U.S.C. § 1182(e).
 
 
 5
 The petitions are denied.
 
 
 
 Notes:
 
 
 [1]
 Under the Immigration and Naturalization Act and Mutual Educational and Cultural Exchange Act, respectively, 8 U.S.C. § 1101(a) (15) (J) and 22 U.S.C. § 2451