MATTER OF KORYZMA

In Deportation Proceedings

A–14238613

*Decided by Board July 31, 1969*

In the absence of a waiver of the foreign residence requirement of section 212(e) of the Immigration and Nationality Act, an alien who was last admitted to the United States as an exchange visitor under section 101(a)(15)(J) of the Act and thereafter attended school for two years during which time he received scholarships on the basis of such status, is ineligible for adjustment of status under section 245 of the Act, as amended, notwithstanding he was stateless at the time of admission and alleges he objected to exchange visitor status when it was assigned to him.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Exchange visitor—remained longer.

ON BEHALF OF RESPONDENT:
A. W. Hargreaves, Esquire
30 Hotaling Place
San Francisco, California 94111
(Brief filed)

ON BEHALF OF SERVICE:
Stephen M. Suffin
Trial Attorney
(Brief filed)

The case comes forward on appeal from the order of the special inquiry officer dated March 17, 1969 ordering that the respondent's application for status as a permanent resident under the provisions of section 245 of the Immigration and Nationality Act be denied, further ordering that he be granted voluntary departure on or before April 16, 1969, and further ordering that if the respondent failed to depart when and as required, he be deported from the United States to Chile on the charge stated in the order to show cause.

The respondent is a native of Austria, born of parents who are citizens of Poland, 24 years old, male, married, who resided Chile since he was approximately four or five years of age. In 64 the respondent came to the United States on a student visa. June 1966 he returned to Chile in order to visit his parents.

The college had changed its policy and had supplied or sent to the respondent an exchange student form in place of the student form. The respondent last entered the United States at Los Angeles, California on or about September 11, 1966 destined to Covell College and was admitted as an exchange visitor under section 101(a)(15)(J) of the Immigration and Nationality Act. At the time of his entry he presented a travel document issued by the Chilean Government which contained the legend "valid only to leave the country." The respondent was authorized to remain in the United States until June 9, 1968. On July 30, 1968 his application for a waiver of the foreign residence requirement applicable to exchange visitors was denied and he was granted until September 30, 1968 to depart voluntarily from the United States. He failed to depart. The respondent has admitted deportability on the charge contained in the order to show cause.

The respondent has applied for status as a permanent resident under the provisions of section 245 of the Immigration and Nationality Act. He married a citizen of the United States on August 26, 1967 and a petition according him immediate relative status was approved on February 5, 1969. His parents and a brother are citizens and residents of Chile. The respondent expects to obtain his Master's Degree in August 1969. He lost his residence status in Chile because he did not apply for a renewal prior to one year's uninterrupted absence from that country.

Section 212(e) of the Immigration and Nationality Act provides in pertinent part: "No person admitted under section 101(a)(15)(J) or acquiring such status after admission shall be eligible to apply ... for permanent residence ... until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country, for an aggregate of at least two years following his departure from the United States ..." The respondent has been denied a waiver of the foreign residence requirement applicable to exchange visitors and does not have the required foreign residence. However his attorney contends that the respondent was improperly issued a "J" visa because he was not in possession of a passport which would permit him to enter any country; was stateless; was not a citizen or permanent resident of Chile, where the exchange student visa was issued, so there was no country which could be classed as an exchange or participating country; and because the purpose to return home and be of benefit in raising the standard of living in such country, and he does not have such a country to which he could go.

The respondent's testimony indicates that when he returned to Chile to visit his parents in July 1966 he requested documentation from the school which he was attending so that he could return to the United States and was given a "certificate of eligibility for exchange visitor status." He presented this to the consul and a "J" visa was placed in his travel document. He had no discussion with the consul concerning the validity of this travel document. The respondent objected to receiving a "J" visa but testified that he was told he could either take the visa or stay in Chile. Faced with this choice, he took the visa.

When the respondent returned to the United States, he inquired from the college as to why he had been classified as a "J" student and was told that it was the policy of the college to grant further scholarships to foreign students only if they had such a status. He continued to attend school for two years during which time he received further scholarships. At the time of his return to the United States, he intended to remain here permanently. The exchange visitor visa which the respondent presented disclosed the name of the sponsor as Elbert Covell College, University of the Pacific, Stockton, California that it was issued under Exchange Visitor Program No. P–I–3099 (amended) designated by the Secretary of State on June 8, 1965, which was still valid, and was described as a program to provide courses of study, practical training, lecturing, research, or a combination thereof, in the various fields of instruction and research conducted by the University, for qualified foreign students, trainees, professors, and specialists, to promote the general interests of international exchange (Ex. 9).

Section 212(e) of the Act, 8 U.S.C. 1182(e), provides that no person admitted as an exchange visitor may have his status adjusted, or apply for an immigrant visa, until such person has been physically present in the country of his nationality or last residence, or in another foreign country, for an aggregate of at least two years, unless such requirement is waived by the Attorney General. Absent such a waiver, an exchange visitor is without eligibility for adjustment under section 245. Thus, the Congress has spoken with such clarity that all who read may understand. The language is not susceptible of interpretation by resort to legislative history or otherwise.[1] It has also been held that a release by the Philippine Government from the obligation to return to the Philippines did not exempt the respondent from

---

[1] *Tuazon* v. *INS*, 389 F.2d 363 (7 Cir., 1968); *Carriaga* v. *INS*, 368 F.2d 337 (7 Cir., 1966) cert. denied, 386 U.S. 942.

the requirement of the two year return. Abinoja v. *INS*, 462 F.2d 788 (7 Cir., 1968).

Counsel's argument, while attractive, does not permit us to overlook the fact that the respondent last entered the United States as an exchange student under section 101(a)(15)(J) of the Immigration and Nationality Act and that neither the law nor the regulations render an exchange visitor visa void for the reasons set forth by him. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.