## MATTER OF PARK

### In Deportation Proceedings

### A-20515081

*Decided by Board August 25, 1975*

(1) The language of section 212(e) of the Immigration and Nationality Act, as amended, encompasses a person who fraudulently gains admission to the United States or acquires status after admission as an exchange visitor under section 101(a)(15)(J) of the Act, as amended, with the knowledge that he is being accorded such status.

(2) Notwithstanding respondent, who was admitted to the United States as a nonimmigrant exchange visitor under section 101(a)(15)(J) of the Act, as amended, alleges that he obtained his nonimmigrant visa through fraud and after admission to this country never participated in the exchange program to which he was destined, he is ineligible to apply for adjustment of his status to that of a lawful permanent resident under section 245 of the Act, as amended, until he has either fulfilled the foreign residence requirement of section 212(e) of the Act, as amended, secured a waiver thereof, or established that he is otherwise exempt therefrom. Accordingly, the immigration judge was correct in denying respondent's motion to reopen to apply for section 245 adjustment of status.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—After admission as nonimmigrant, failed to comply with conditions of status

ON BEHALF OF RESPONDENT:  Bert D. Greenberg, Esquire
5670 Wilshire Boulevard, Suite 1800
Los Angeles, California 90036

This is an appeal from the immigration judge's April 9, 1974 denial of a motion to reopen deportation proceedings in order to permit the respondent to apply for discretionary relief under section 212(i) and section 245 of the Immigration and Nationality Act. The appeal will be dismissed.

The respondent is a 27-year-old married male alien, native and citizen of Korea, who was admitted to the United States on August 3, 1972 as a nonimmigrant exchange visitor under section 101(a)(15)(J) of the Act. At a hearing before an immigration judge on May 16, 1973, the respondent admitted the truth of the factual allegations of the order to show cause (Exh. 1) and conceded deportability for noncompliance with his exchange visitor status as specified therein. The immigration judge found him to be deportable as charged and granted him voluntary

departure. No appeal was taken from the immigration judge's decision.

On February 25, 1974 the respondent was accorded preference status as the spouse of a lawful permanent resident under section 203(a)(2) of the Act. On March 20, 1974 the respondent filed an application for status as a permanent resident and sought reopening of his deportation hearing.[1] The respondent also applied for a waiver of excludability under section 212(a)(19), pursuant to the provisions of section 212(i) of the Act. See 8 CFR 242.17(a). On April 9, 1974 the immigration judge denied the motion to reopen on the ground that the respondent, having been admitted to the United States under section 101(a)(15)(J), was ineligible to apply for permanent resident until he had either fulfilled the foreign residency requirement contained in section 212(e) of the Immigration and Nationality Act, as amended, secured a waiver thereof, or established that he was otherwise exempt therefrom.[2]

---

[1] An application for permanent resident status was previously filed by the respondent on January 2, 1973 and denied by the district director on March 15, 1973. This earlier application was superseded when the respondent filed a new Form I-485 on March 20, 1974 in conjunction with his motion to reopen.

[2] Section 212(e) of the Immigration and Nationality Act, as amended, provides:

"(e) *No person admitted under section 101 (a)(15)(J) or acquiring such status after admission whose (i) participation in the program for which he came to the United States was financed in whole or in part, directly or indirectly, by an agency of the Government of the United States or by the government of the country of his nationality or his last residence, or (ii) who at the time of admission or acquisition of status under section 101(a)(15)(J) was a national or resident of a country which the Secretary of State, pursuant to regulations prescribed by him, had designated as clearly requiring the services of persons engaged in the field of specialized knowledge or skill in which the alien was engaged, shall be eligible to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under section 101(a)(15)(H) or section 101-(a)(15)(L) until it is established that such person has resided and been physically present in the country of his nationality or his last residence for an aggregate of at least two years following departure from the United States:* Provided, That upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien,) or that the alien cannot return to the country of his nationality or last residence because he would be subject to persecution on account of race, religion, or political opinion, the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of an alien whose admission to the United States is found by the Attorney General to be in the public interest: And provided further, That the Attorney General may, upon the favorable recommendation of the Secretary of State, waive such two-year foreign residence requirement in any case in which the foreign country of the alien's nationality or last residence has furnished the Secretary of State a statement in writing that it has no objection to such waiver in the case of such alien." (Emphasis Supplied.) The program for which the respondent was admitted comes within subsection (ii) of the above provision.

On appeal counsel contends that the respondent is not affected by the bar to permanent residence contained in amended section 212(e). Counsel's theory is that the respondent was never a bona fide exchange visitor. He alleges that the respondent obtained his nonimmigrant visa through fraud, and never participated in the exchange program to which he was destined after his admission to the United States. Counsel asserts that rather than a waiver of the foreign residency requirement of section 212(e), the respondent requires, and is eligible for, a waiver of inadmissibility for visa fraud (section 212(a)(19)) pursuant to section 212(i) of the Act. We reject counsel's contention.

We construe the language of amended section 212(e) to encompass a person who fraudulently gains admission to the United States or status as an exchange visitor under section 101(a)(15)(J) with the knowledge that he is being accorded such status.[3] Any other interpretation would permit an alien who has perpetrated a willful fraud to reap the benefit of his own misdeed, and would allow the circumvention of the immigration laws through the exchange visitor program in contravention of the intent of Congress in establishing it. See S. Rept. 1608, 84th Congress, 2d. Sess. Accordingly, we conclude that the immigration judge was correct in finding the respondent subject to the provisions of amended section 212(e) and in denying reopening on that basis. The following order will therefore be entered.

**ORDER:** The appeal is dismissed.

---

[3] This view applies to instances involving *fraud* on the alien's part, and should be distinguished from situations in which it is claimed that exchange visitor status was merely *erroneously* accorded, or that the alien was misled into accepting it, or that his acceptance of the status was not voluntary. See, e.g. *Matter of Wojcik*, 11 I. & N. Dec. 603 (BIA 1966); *De Guzman v. INS*, 389 F.2d 360 (C.A. 7, 1968); *Campbell v. Esperdy*, 287 F. Supp. 92 (S.D.N.Y. 1968); *Matter of Koryzma*, 13 I. & N. Dec. 358 (BIA 1969); *Hetzer v. INS*, 420 F.2d 357 (C.A. 9, 1970).